Minerva H. SANDERS,
Plaintiff-Appellant,

v.

GENERAL SERVICES ADMINISTRA-
TION, et al., Defendants-Appellees.

No. 82–2619.

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1983.

Decided May 26, 1983.

---

Mary R. Turner, Turner, Ward & Assoc., Chicago, Ill., for plaintiff-appellant.

Janet L. Jannusch, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before PELL, POSNER and COFFEY, Circuit Judges.

PELL, Circuit Judge.

Plaintiff-appellant appeals from the district court decision granting defendant's motion for involuntary dismissal for failure to set forth evidence of sex and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16.

### I.

Plaintiff-appellant, a black female, was employed by the General Services Administration (GSA) as an Equal Employment Opportunity Specialist, GS–9, between May 15, 1978 and June 8, 1980. She asserts that GSA denied her a promotion to the GS–11 level because of her race and sex, gave more favorable treatment to a Hispanic male co-worker, and subjected her to various acts of reprisal following her complaints about discrimination.

Appellant filed an administrative complaint with GSA on April 26, 1979[1] and the complaint in this case on March 7, 1980. Shortly thereafter, the requests for compensatory and punitive damages were stricken from the complaint and all defendants except the administrator of GSA were dismised as improper parties. These rulings are not at issue on appeal. Following one substitution of counsel, the withdrawal of the second attorney on the ground that plaintiff wanted to pursue her own litigation strategy, and the retention of a third set of lawyers, the bench trial finally began on March 2, 1981.

After approximately three hours of plaintiff's direct testimony, cross-examination, and re-direct, plaintiff rested her case. No other witnesses were called to support plaintiff's allegations of race and sex bias on the part of her supervisors. Defendant thereupon moved for involuntary dismissal under Rule 41(b), Federal Rules of Civil

---

1. A final determination was issued by GSA on August 1, 1980 denying the allegations of discrimination and reprisal.

Procedure, but the motion was denied from the bench. Defendant then called three witnesses. The first two were cross-examined, but the third, the black female against whom most of plaintiff's complaints were directed, was not. The trial was then recessed until May 8, 1981.

Due to illness of plaintiff's counsel on May 8, the trial was put over to May 29, 1981, but plaintiff's counsel was still unable to appear. Defendant then moved for reconsideration of the 41(b) motion, and the court ordered briefing on the matter. On January 13, 1982 Judge Bua granted the motion, issuing a ten-page order setting forth his findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure. 529 F.Supp. 551. It is from this decision that plaintiff-appellant appeals.

## II.

If the Rule 41(b) motion had been granted at the close of plaintiff's case in chief, this case would present absolutely no difficulty. In ruling on a 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive. *Patterson v. General Motors Corp.,* 631 F.2d 476, 487 (7th Cir. 1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). The court is not to make any special inferences in the plaintiff's favor nor concern itself with whether the plaintiff has made out a prima facie case. Instead, the court is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies. 9 Wright & Miller, *Federal Practice and Procedure* § 2371 at 224–25 (1971). On review, the findings of fact made by the judge when granting a Rule 41(b) motion and rendering judgment on the merits are, pursuant to Rule 52(a), not to be set aside unless clearly erroneous. See 5 *Moore's*

*Federal Practice* ¶ 41.13[4] at 41–196–98 (1982). The Rule 52(a) standard reflects the trial judge's unique opportunity to assess the credibility of witnesses. *Medtronic, Inc. v. Benda,* 689 F.2d 645, 647 (7th Cir. 1983) (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 102 S.Ct. 2182, 2188, 72 L.Ed.2d 606 (1982)). Plaintiff here rested her case on the credibility of her own testimony, and the judge specifically found that her testimony was not credible. We do not find Judge Bua's ruling on the merits to be clearly erroneous. In fact, after a careful review of the record and trial transcript, we are in agreement with his conclusion that while there was certainly personal animosity between plaintiff and her immediate supervisor, there was no evidence of sex or race discrimination.

## III.

The novel question on appeal is whether the Rule 41(b) motion, renewed after the commencement of defendant's case, was timely. Appellant asserts that by putting on witnesses, defendant waived his right to contest the Rule 41(b) denial, and that defendant's proper course if he objected to the initial denial was to refuse to present witnesses and then appeal the judgment in favor of plaintiff. That is a correct statement of the procedure for contesting the denial of a 41(b) motion since such denial is not appealable at the close of a case. See *Wealden Corp. v. Schwey,* 482 F.2d 550 (5th Cir.1973).[2] All the Rule 41(b) cases cited by appellant deal with this issue. That, however, is not the issue in this case. This appeal does not involve defendant appealing the denial of a 41(b) motion, but rather plaintiff appealing the granting of one. While the trial court need not consider a motion to reconsider, nothing in the Rule or the cases construing it says that defendant cannot ask.

**2.** Appellant quotes *Wealden Corp.* as holding that "it follows that when such a motion is not granted [at the close of plaintiff's case], the merits of the case are to be determined in the light of all of the evidence received at the trial." That quote, however, does not appear in the opinion, and the case rather holds that the court, in ruling at the end of trial on a reserved 41(b) motion, is entitled to consider all the evidence; defendant is not entitled to a review of plaintiff's evidence as it stood when the initial motion was made.

The relevant question is whether the court may grant the motion upon reconsideration. Rule 41(b) states in pertinent part that:

> After the plaintiff ... has completed the presentation of his evidence, the defendant ... may move for dismissal .... The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

This language is on its face ambiguous, and the Advisory Committee's Notes are not helpful. While the Rule seems to contemplate an either-or situation in which the case is either dismissed after plaintiff's case in chief or goes to completion, the Rule does not say that the trial judge must press on to the bitter end even if he has second thoughts about his original ruling. The "may decline to render any judgment until the close of all the evidence" language is permissive and is at least not inconsistent with a 41(b) ruling sometime prior to completion of the trial.

 Neither party has cited a case involving this timing problem, and our research has disclosed none. It is clear from the cases that a Rule 41(b) denial is tentative and does not constrain the court's ultimate disposition of the case. "As we view it, the denial of defendant's motion amounts to nothing more than a refusal to enter judgment at that time. At most it constitute[s] a tentative and inconclusive ruling on the quantum of plaintiff's proof." *Armour Research Foundation of Illinois Institute of Technology v. Chicago, Rock Island & Pacific Railroad,* 311 F.2d 493, 494 (7th Cir.), *cert. denied,* 372 U.S. 966, 83 S.Ct. 1090, 10 L.Ed.2d 129 (1963). An initial denial does not become the "law of the case," and is thus not inconsistent with a later judgment on the merits in defendant's favor. See *Pearson v. Dennison,* 353 F.2d 24, 28 (9th Cir.1965). The next question is whether the motion, once denied, can be renewed and granted at a later date. There is precedent for denying a 41(b) motion initially but granting a renewed motion at the close of trial. For example, the Fifth Circuit in *Weissinger v. United States,* 423 F.2d 795 (5th Cir.1970) (en banc), citing only our decision in *Armour Research,* indicated no problem with initially denying a 41(b) motion and then granting it after a "full blown" trial for failure to allege an essential element of the claim. We too have approved a 41(b) dismissal at the close of trial. *Bugg v. Int. U. of Allied Indus. Workers of Am.,* 674 F.2d 595 (7th Cir. 1982).[3] Given that a 41(b) motion can be granted at the close of trial, we see no logical reason why it cannot be granted sometime between the end of plaintiff's case and the end of the trial. The Ninth Circuit in *Pearson v. Dennison,* 353 F.2d 24, 28 (9th Cir.1965) (dictum) has suggested that the "denial of the motion would be interlocutory, and it could be renewed and reconsidered at any time before final judgment." Our language in *Armour Research* is consistent with this point of view. We thus find no basis for precluding reconsideration in the present case on the grounds of timing *per se.*

It might well be improper to grant a Rule 41(b) motion midway through defendant's case if the judge weighed the testimony of defendant's unexamined witnesses as well as plaintiff's evidence. In such a situation there is a potential for bias against plaintiff. We do not, however, need to decide that issue. In this case Judge Bua declared that:

> Since May 8, 1981, the court has carefully reviewed its notes relating to plaintiff's testimony as well as the verbatim transcript of plaintiff's testimony and the exhibits introduced at trial. The court has reached the conclusion that it was in error in not granting defendant's motion to dismiss at the close of plaintiff's case.... [T]his court simply has not been per-

---

**3.** The use of a renewed 41(b) motion at the end of a case has been criticized on the grounds that the Rule speaks only of such a motion at the end of plaintiff's case, and that after all the evidence is in, the court should simply weigh all the evidence and decide the case on the merits. See *Moore's, supra,* ¶ 41.13[1] at 41–179, fn. 31.

suaded that plaintiff's race and sex was ever a factor in her employment at GSA. We have no reason to question the judge's assertion that during the long trial recess he reflected and reconsidered his original ruling from the bench, and did so on the basis of plaintiff's case alone.

Even more to the point, appellant does not argue that the judge impermissibly took the partial defense into consideration. In commenting on the court's language noted above, appellant says "It is therefore apparent that the court based its Order of dismissal on the evidence as it stood at the close of plaintiff's case, rather than on ALL the evidence that had been presented or that would have been presented had the trial been allowed to proceed to conclusion."

In the absence of any contention that the judge's 41(b) ruling was improper for any reason other than timing *per se*—and that only due to the unusual circumstances of this case—we cannot say that the granting of the motion to reconsider was improper. If plaintiff has not set forth evidence of discrimination and there is nothing aside from general assertions of discrimination for defendant to rebut, no purpose is served by requiring defendant to go through the motions—at no small cost in time and expense to the parties and the court. Plaintiff has no entitlement to a full dress trial regardless of the plausibility of her claim.

Had it not been for the unforeseen scheduling problems, this trial probably would have been completed in two days. When plaintiff finished her case in the early afternoon of the initial day and the defendant made its timely Rule 41(b) motion, the judge ruled immediately from the bench and gave the plaintiff the benefit of any doubts he might have had by allowing the trial to proceed. We note that the defense witnesses were in court and there was probably nothing else on the afternoon's calendar. There was no pressing reason not to continue. If we refused to allow reconsiderations—and as a practical matter we do not expect such circumstances to arise very often—we would be denying the district court an element of its discretion to handle cases as it thinks best. Perhaps a court would then feel constrained to resolve any doubts about a 41(b) motion in favor of defendant; perhaps it would resolve them in favor of plaintiff and let a trial proceed that really should not; perhaps the judge would merely recess the trial to think the matter through. We don't know what would happen, but on the facts before us we see no reason to put a gloss on the rule that would have such uncertain effects—none of them salutary.

The conclusion we reach is one we regard as consistent with eliminating unnecessary consumption of judicial and court time in the context of today's heavily loaded federal trial courts.

The judgment of the district court is AFFIRMED.