**Donald R. FURTH, Plaintiff-Appellant,**

v.

**INC. PUBLISHING CORPORATION, Defendant-Appellee.**

**No. 86–3086.**

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1987.

Decided July 14, 1987.

Rehearing Denied Aug. 14, 1987.

Wilfred F. Rice, Jr., Chicago, Ill., for plaintiff-appellant.

Roger J. McFadden, Schuyler, Roche & Zwirner, Chicago, Ill., for defendant-appellee.

Before WOOD, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The plaintiff, Donald R. Furth, filed suit against his former employer, Inc. Publishing Corporation ("Inc."). He alleged that Inc. had wrongly withheld commissions that were due him. Furth's claim was based on the theory that, because he was the "procuring cause" of the placement of certain advertisements in *Inc.* magazine, he was entitled to the commissions under state law. At the close of Furth's case, Inc. moved for a dismissal under Federal Rule of Civil Procedure 41(b).[1] The district

---

**1.** Rule 41(b) provides in part:

(b) After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a

court granted the motion, holding that Furth was not entitled to recovery for approximately 95% of the advertisements for which he sought commissions. Furth appealed, arguing that he put forth sufficient evidence entitling him to all of the commissions. We disagree with Furth, and affirm the judgment of the district court.

### I.

Donald A. Furth was employed by the defendant, Inc., as an advertising salesman for its monthly business publication, *Inc.* magazine, on a salary-plus-commission basis. His sales territory consisted of fifteen midwestern states. He was employed at Inc. from mid–1978 (its first issue was published in April, 1979) through the end of March, 1984.

Because Furth was an at-will employee, there was no written employment agreement between the parties, except for a written commission schedule. The agreement provided for an annual salary of $60,-000, and commissions based on each page of advertising Furth sold.

On March 27, 1984, the associate publisher notified Furth that he was fired. On March 30, Furth received a letter outlining the terms of his termination. Furth was paid his full salary through March 31, 1984. Furthermore, although not obliged to do so, *Inc.* paid Furth commissions on insertion orders received by *Inc.* magazine through April 9, 1984, to account for any delays caused by mailing.

Furth filed this diversity action against Inc. Publishing Corporation, asserting that he was entitled to commissions for advertisements printed in *Inc.* magazine for approximately one year after his discharge. He based his claim on the theory that he had been the "procuring cause" of such advertisements. The case was tried to the court on November 3 and 4, 1986. At the close of Furth's case, the defendant moved for a dismissal "on the ground that upon the facts and the law the plaintiff has shown no right to relief," Fed.R.Civ.P.

41(b). The district court granted the motion as to approximately 95% of the advertisements for which Furth sought commissions. The court kept five advertisements in the case. The defendant, at that point, stipulated to liability to only those five advertisements, and rested its case. The district court then entered judgment against *Inc.* for $2,800, and Furth appealed.

On appeal, we must decide whether the district court's findings of fact support its conclusion that Furth failed to prove that he was the procuring cause of the advertisements in question. Furth argues on appeal, as he did in the district court, that because he was "the only salesperson working on and responsible for virtually all of the advertiser accounts ... for which ads he claims commissions, from the magazine's very inception in 1978, he is entitled to commissions ... through the magazine's May, 1985 issue." Pl.Br. at 1–2 (footnote omitted). The defendant argues that Furth has put forth no proof to support his claim that he was the procuring cause of the advertisements for which he seeks compensation, and that he was paid all the commissions to which he was entitled.

### II.

"In ruling on a Rule 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." *Sanders v. General Services Administration,* 707 F.2d 969, 971 (7th Cir.1983) (citation omitted); *accord Hersch v. United States,* 719 F.2d 873, 876 (6th Cir.1983). The district court should make no special inferences in the plaintiff's favor. *Sanders,* 707 F.2d at 971. The court must weigh all the evidence and decide where the preponderance lies.

In granting a Rule 41(b) motion, a district court's factual findings are made pursuant to Rule 52(a), and may not be set aside unless clearly erroneous. *See* Fed.R.

---

dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule

19, operates as an adjudication upon the merits.

Civ.P. 41(b); *Sanders,* 707 F.2d at 971; *accord Hersch,* 719 F.2d at 877. However, "the question [of] whether the district court's fact findings are clearly erroneous is separate from the question [of] whether, under the facts and the law, the plaintiff has shown no right to relief." 5 J. Moore, J. Lucas, and J. Wicker, *Moore's Federal Practice,* ¶ 41.13[1], at 41–166 to 41–167 (2d ed. 1986).[2] The plaintiff has the burden of proving his or her case by the preponderance of the evidence. *Id.* at ¶ 41.132[4], at 41–178 to 41–179. Therefore, based on the district court's findings of fact (unless shown to be clearly erroneous), we must determine whether, as a matter of law, Furth introduced sufficient evidence to prove by the preponderance of the evidence that he was the procuring cause of the advertisements at issue. Whether Furth actually was the procuring cause of these advertisements is a legal question.

### III.

In Illinois,[3] absent a written contract to the contrary, *Technical Representatives v. Richardson-Merrell, Inc.,* 107 Ill.App.3d 830, 833, 63 Ill.Dec. 668, 671, 438 N.E.2d 599, 602 (1st Dist.1982), a salesperson is "clearly entitled to commission on sales which occurred prior to [his or her] resignation, and, as to post-resignation sales, a commission is in order if it is established that [the salesperson] was the *procuring cause* of the sale," *Scheduling Corporation of America v. Massello (Massello I),* 119 Ill.App.3d 355, 364–65, 74 Ill.Dec. 796, 803, 456 N.E.2d 298, 305 (1st Dist.1983) (emphasis added) (*citing Technical Representatives,* 107 Ill.App.3d at 833, 63 Ill.Dec. at 671, 438 N.E.2d at 602); *accord Dahly Tool Co. v. Vermont Tap and Die Co.,* 742

F.2d 311, 313 (7th Cir.1984). "Under the procuring cause rule, a [salesperson] may be entitled to commissions on sales made after the termination of a contract if that party procured the sales through its activities prior to termination." *Scheduling Corporation of America v. Massello (Massello II),* 151 Ill.App.3d 565, 568, 104 Ill. Dec. 944, 947, 503 N.E.2d 806, 809 (1st Dist.1987); *Schroeder v. Meier-Templeton Associates, Inc.,* 130 Ill.App.3d 554, 560, 85 Ill.Dec. 784, 790, 474 N.E.2d 744, 750 (5th Dist.1984). The purpose of this rule is to protect a salesperson who is discharged prior to the culmination of a sale, but after he or she has done everything that is necessary to effect the sale. *Schroeder,* 130 Ill.App.3d at 560, 85 Ill.Dec. at 790, 474 N.E.2d at 750 (*citing Heuvelman v. Triplett Electrical Instrument Co.,* 23 Ill. App.2d 231, 237, 161 N.E.2d 875, 878 (1959)).

In this case, the district court found that Furth introduced insufficient evidence to support his claim that he was the procuring cause of the disputed advertisements. The court summed up Furth's case when it stated that: "in the main, Mr. Furth has been content to paint with a very broad brush. [Furth asserts that,] 'These are customers that I developed and I must have been the procuring cause in order for them to have inserted space or advertising in *Inc.* magazine.'" Tr. 178. The court also noted that although Furth argued that he was entitled to commissions because he had procured the insertion orders, the evidence showed he was not entitled to a commission until the advertisement was actually run. *Id.* Furth had not done everything necessary to effect the sale, because the advertisements could have been withdrawn.[4] Thus,

2. A dismissal under Rule 41(b) differs markedly from a directed verdict in a jury trial case, because in a Rule 41(b) case "the court need not determine that the defendant is entitled to judgment as a matter of law." *duPont v. Southern National Bank of Houston,* 771 F.2d 874, 879 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1467, 89 L.Ed.2d 723 (1986) (*citing 5 J. Moore, J. Lucas, & J. Wicker, Moore's Federal Practice,* ¶ 41.13[4], at 41–177 to 41–179 (2d ed. 1985)); *see Phillips Oil Company v. OKC Corporation,* 812 F.2d 265, 273 n. 15 (5th Cir.1987). Furthermore, on appeal, the standard of review

we apply to a directed verdict and to involuntary dismissals are very different. On review of a directed verdict, we apply the same standard as did the district court in deciding to grant the directed verdict. *See Hersch,* 719 F.2d at 877.

3. On appeal, the parties do not dispute that Illinois law governs Furth's claim.

4. Advertising space in *Inc.* magazine is purchased by an advertiser, or its advertising agency, by the issuance of an "insertion order." An

the court found that Furth failed to prove that he procured the contested advertisements. Furth has not shown on appeal that these findings were clearly erroneous. Therefore, we agree with the district court that, on these facts, Furth has failed to prove that he was the procuring cause of the advertisements in dispute.

Furth relies on several cases in which salespersons were found to be entitled to a commission. However, those cases arose in completely dissimilar factual settings. For example, in *Atkinson v. New Britain Machine Co.*, 154 F.2d 895 (7th Cir.1946), this court found that, regardless of when the order was shipped, the plaintiff was entitled to a commission when the sale was actually made. *Id.* at 901. In contrast, in this case, Furth was not entitled to a commission upon the receipt of an insertion order (sale), but rather only upon the printing of the advertisement.

In addition, neither *Heuvelman v. Triplett Electrical Instrument Co.*, 23 Ill. App.2d 231, 161 N.E.2d 875 (1st Dist.1959) nor *Richer v. Khoury Brothers, Inc.*, 341 F.2d 34 (7th Cir.1965) aids Furth. In those cases, the courts found that the plaintiffs were entitled to commissions, because the plaintiffs had induced sales by obtaining listings of their employers' products in distributors' catalogues. *Heuvelman*, 23 Ill. App.2d at 237–38, 161 N.E.2d at 878; *Richer*, 341 F.2d at 38. In both *Heuvelman* and *Richer*, the catalogue sales from which the commission accrued necessarily arose *after* the plaintiffs had done their jobs and obtained the listings. It was reasonable, therefore, to grant the plaintiffs the commissions they sought. The fact that the plaintiffs had been discharged prior to the consummation of the actual catalogue sales was of no import, because the plaintiffs had done everything that was necessary to effect the sale. Unlike the plaintiffs in *Heuvelman* and *Richer*, Furth did not earn

a commission until the advertisement was actually printed. Thus, the fact that he was discharged before the printing of the advertisements at issue necessarily means that he had no right to commissions for those advertisements.

Moreover, to the extent that Furth relies on *Scheduling Corporation of America v. Massello (Massello II)*, 151 Ill.App.3d 565, 104 Ill.Dec. 944, 503 N.E.2d 806 (1st Dist. 1987), he is mistaken. *Massello II* is distinguishable, because there the "compensation agreement and the practice of the parties established that [the employee] was to receive commissions upon extensions of original projects." *Id.* at 571, 104 Ill.Dec. at 949, 503 N.E.2d at 811.

We believe that, in effect, Furth is seeking commissions for contract renewals for a one-year period subsequent to his termination. Furth denies making such an argument, and frames his case as a claim only for commissions for accounts "long his" that no one else procured. Furth has put forth no evidence showing that he was entitled to commissions upon the renewal of an agreement to advertise. Thus, absent direct evidence of a right to a commission on renewal—evidence clearly lacking here—Furth is not entitled to commissions on that basis. *See Seay v. Bennett & Kahnweiler Associates*, 73 Ill.App.3d 944, 947, 29 Ill.Dec. 912, 914, 392 N.E.2d 609, 611 (1st Dist.1979); *Sandberg v. American Machining Co.*, 31 Ill.App.3d 449, 451, 334 N.E.2d 246, 247 (1st Dist.1975); *accord Wood v. Hutchinson Coal Co.*, 176 F.2d 682, 684 (4th Cir.1949).

Furth's situation is a clear reminder of the need to have a detailed, complete written contract governing the most important aspects of an employment relationship. *See Massello II*, 151 Ill.App.3d at 571, 104 Ill.Dec. at 949, 503 N.E.2d at 811 ("[T]he answer to [the defendant's] argument is that any unfairness is the result of its

insertion order is the document that "precipitates the running of any particular piece of advertising." Def.Br. at 6. Although Furth's testimony supports the proposition that *Inc.* runs no advertisement without an insertion order, Furth testified that an advertiser could nonetheless "pull" an advertisement prior to its

publication. The most important fact for this appeal is that Furth testified that he did not earn a commission merely because an insertion order had been procured. Rather, as the district court found, Furth was "not entitled to a commission until the insertion [of the advertisement was] made." Tr. 178.

freely-negotiated bargain with [the plaintiff].... [T]he terms of the contract control, and it is not our function to rewrite them according to our own notions of fairness." (citations omitted)).

## IV.

We conclude that Furth has not shown that the district court's findings were clearly erroneous, and that he has failed to prove by a preponderance of the evidence that he was the procuring cause of the disputed advertisements. Therefore, Furth is not entitled to the commissions that he seeks.

AFFIRMED.