921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randy POWELL, Plaintiff-Appellant,
v.
Tyrone J. ROBERTS and Berea St. Clair, Defendants-Appellees.
 No. 89-1162.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 13, 1990.*
Decided Dec. 26, 1990.
Rehearing and Rehearing En Banc Denied Feb. 27, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and MANION, Circuit Judges.
 ORDER
 This case pursuant to 42 U.S.C. Sec. 1983 involves a challenge to an arrest and prosecution which began when Powell allegedly begged for a transfer from a commuter and then used it on the elevated trains in Chicago. According to Powell, the officers who arrested him for that offense were attempting to find the person who was snatching purses in that "el" station. When Powell did not admit to that crime and when their search of him revealed no evidence of any purse snatching, the officers allegedly planted a gun and some drugs on him and charged him with illegal possession of a gun and narcotics. The officers did not charge Powell with illegally using the transfer of another person. The gun and narcotics were never produced in state court, and the case was ultimately dismissed.
 In his complaint, Powell claimed that the actions of the officers violated his right to due process and equal protection and the constitutional protection against unreasonable searches and seizures. The district court in a bench trial granted a directed verdict regarding the equal protection claim, and entered judgment in favor of defendants on the remaining claims at the close of the trial.
 On appeal, Powell essentially argues that sufficient evidence existed to prove that defendants violated his constitutional rights. As an initial matter, we must determine the appropriate standard of review. The district court granted a directed verdict regarding the equal protection claim. A directed verdict pursuant to Fed.R.Civ.P. 50(a), however, is appropriate only in a jury trial. In a bench trial such as the one here, the appropriate vehicle for dismissing the case at the close of plaintiff's case is an involuntary dismissal pursuant to Fed.R.Civ.P. 41(b). See Lytle v. Household Mfg., Inc., 110 S.Ct. 1331, 1338 (1990); Furth v. Inc. Publishing Co., 823 F.2d 1178, 1179-80 (7th Cir.1987); and Moore, J. & Lucas, J., Moore's Federal Practice, p 50.03, at 50-34 to 50-35 (2d ed. 1990), which discuss the distinction between Rule 41(b) and Rule 50(a).
 
 
 1
 The fundamental difference between these two provisions reflects the role of the factfinder in a trial. In a motion for a directed verdict, the court must consider all evidence in the light most favorable to the plaintiff because only the jury may make credibility determinations. In contrast, the court in a bench trial is the finder of fact; therefore, in a motion for involuntary dismissal, the court weighs the evidence and determines whether the plaintiff has proven the case. The court must then make fact findings and separately state conclusions of law pursuant to Rule 52(a). An appellate court will reverse the determination only if the fact findings of the district court are clearly erroneous or if the law applied to those facts could not support the decision. Furth, 823 F.2d at 1180.
 
 
 2
 Because the district court in this case considered the motion under the directed verdict standard, it did not satisfy the requirements of Rule 52(a). In this case, however, that failure does not constitute reversible error. In order to establish an equal protection violation, Powell had to demonstrate that the defendants treated him differently from other similarly situated individuals based upon his membership in a cognizable group. Powell introduced no evidence at trial that would support an equal protection challenge. Therefore, as a matter of law the court would have been required to grant the motion for an involuntary dismissal regardless of the court's credibility assessment.
 
 
 3
 The court denied the motion for a "directed verdict" regarding the remaining due process and fourth amendment claims, and the trial proceeded regarding those claims. As a result, the decision regarding those claims will be reversed only if based upon an error of law or clearly erroneous fact findings. See Fed.R.Civ.P. 52(a).
 
 
 4
 The district court allowed the due process and fourth amendment claims to proceed, and ultimately entered judgment for defendants at the close of the trial. Powell asserts now that he introduced evidence of a constitutional violation and therefore should succeed in his Sec. 1983 action. The district court, however, is entrusted with the responsibility to weigh the evidence and assess the credibility of the witnesses. In this case, the trial judge found the testimony of the defendants to be more credible than the testimony provided by Powell. The defendants testified that they viewed Powell begging for and receiving a transfer. They then followed him into the el station, and saw him give the transfer to the attendant. At that time, one of the defendants passed through the turnstiles and arrested Powell. The preliminary search of Powell by that officer did not reveal anything, but the more thorough search conducted by the other officer after Powell was taken back through the turnstiles yielded a gun and narcotics. Powell was then taken directly to the police station.
 
 
 5
 The district court credited this testimony for a number of reasons, including the demeanor of the witnesses and the implausibility and inconsistency of Powell's testimony. Our review of the record convinces us that the credibility determination was not clearly erroneous. Given that credibility determination, the district court properly entered judgment for the defendants because no other evidence supported Powell's claims.
 
 
 6
 Powell also argues on appeal that he was deprived of his right to a fair trial to prove his innocence because the state court dismissed the charges. The Constitution is not violated by dismissing charges and releasing a person rather than subjecting him to a trial. Moreover, as we have already stated, Powell failed to prove his claim of false arrest or malicious prosecution. Accordingly, his challenges regarding the trial fail because they also rest upon the premise that the defendants attempted to frame Powell. The decision of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record