951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald BOONE, Plaintiff/Appellant,
v.
Richard J. ELROD, Phillip T. Hardiman and Charles Dunigan,
Defendants/Appellees.
 No. 91-1245.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 27, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Donald Boone filed a pro se complaint under 42 U.S.C. § 1983 against then Cook County Sheriff Richard J. Elrod, then Cook County Department of Corrections Director Phillip Hardiman, and Corrections Captain Charles Dunigan alleging that they violated his Eighth Amendment rights while he was a pretrial detainee in the Cook County Jail.[1] Boone alleges that defendants ignored his written requests to be transferred to protective custody and, as a result, several inmates beat him and blinded him in his left eye.
 
 
 2
 The case was tried before the district judge. At the close of Boone's liability evidence, the district judge granted defendants' motion for a directed verdict.[2] Boone maintains that the district court committed several procedural errors which require a retrial of this lawsuit.
 
 
 3
 Boone argues that he was not permitted to "close" his case. Specifically, Boone maintains that the district court erred in granting defendants' motion for a directed verdict before Boone called his expert witness, Dr. Richard Sarnat. Dr. Sarnat would have testified to the injuries Boone sustained, not to defendants' liability for those injuries. Accordingly, the court did not err in rendering a judgment without the benefit of Dr. Sarnat's testimony. Boone further maintains that the district judge denied him the opportunity to call Peter Lee as a witness. The record indicates that Boone never sought to call Peter Lee as a witness. Finally, Boone maintains that the district judge improperly denied him the opportunity to make his closing argument. The trial judge determined that Boone had failed to introduce sufficient evidence to establish a prima facie case of a constitutional violation. Thus, closing argument was unnecessary.
 
 
 4
 Boone argues that the court "directed" defendants to move for a directed verdict. The trial transcript reveals that the district judge asked defendants' attorney whether he planned to move for a directed verdict at the close of Boone's evidence. The trial judge did not order defendants' attorney to move for a directed verdict.
 
 
 5
 Boone maintains that the district judge erred by denying him the opportunity to cross-examine Elrod. Boone called Hardiman and Dunigan as witnesses. He did not call Elrod. After the trial court granted defendants' motion for a directed verdict, defendants had no obligation to call Elrod as a witness and Boone had no right to cross-examine Elrod.
 
 
 6
 Boone maintains that the trial judge exhibited bias and prejudice against him. The trial judge stated in open court that he did not believe Boone's testimony, but he found defendants Hardiman and Dunigan to be credible witnesses. The judge's findings are amply supported by the evidence in the record.
 
 
 7
 Boone maintains that he was denied effective assistance of counsel in violation of the Sixth Amendment. The Sixth Amendment's guarantee of effective assistance of counsel does not apply in civil cases. Hutcherson v. Smith, 908 F.2d 243, 245 (7th Cir.1990) (citations omitted).
 
 
 8
 For the reasons stated above, the decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Plaintiff's claim arises under the Due Process Clause of the Fourteenth Amendment because he was a pretrial detainee when his cause of action arose. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). However, the standards for analyzing both claims are virtually identical. See Anderson v. Gutschenritter, 836 F.2d 346, 349 (7th Cir.1988)
 
 
 [2]
 Because the lawsuit was tried before a judge, we construe defendants' motion pursuant to Federal Rule of Civil Procedure 41(b). See Furth v. Inc. Publishing Corp., 823 F.2d 1178, 1180 n. 2 (7th Cir.1987). Rule 41(b) has been amended, effective December 1, 1991. However, the former version governs this case