986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles MARTIN, Plaintiff-Appellant,
v.
Fred STONE and Philip Mannion,[1] Defendants-Appellees.
 No. 90-3172.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1993.*
Decided March 3, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Charles Martin brings this action under 42 U.S.C. § 1983 alleging that during his arrest and subsequent interrogation, officers of the Chicago Police Department used their fists, feet, and other instruments of pain, in violation of his civil rights. Suspected (and later convicted) of breaking into a home and then beating, stabbing, raping, and robbing the family living there, he contends that officers brutally beat him on and off for hours, spat on him, pulled his hair, clubbed his genitals, repeatedly kicked him in the shins, stomped on his toes, and doused him with scalding coffee. At a bench trial where Martin testified and represented himself, the defendant policemen denied ever having subjected him to such treatment. After Martin concluded his case, the district court granted the defendants' motion for a directed verdict. Martin appeals pro se, and we affirm.
 
 
 2
 One of his arguments is that the district court committed clear error by excluding evidence of unrelated disciplinary reports filed against one of the defendant officers. We will disturb the decision to admit or to exclude evidence not for clear error, but only if the district court clearly abused its discretion. Carroll v. Acme-Cleveland Co., 955 F.2d 1107, 1112 (7th Cir.1992). At trial Martin asked Detective Fred Stone whether any complaints ever had been filed against him with the Office of Professional Standards or whether any disciplinary action ever had been taken against Stone for use of excessive force. Judge Duff sustained objections to these questions on the basis of Fed.R.Evid. 404(b). Other wrongs are admissible if the evidence sought to be introduced establishes a matter in issue besides the defendant's propensity to commit the act charged. Fed.R.Civ.P. 404(b); United States v. Sullivan, 911 F.2d 2, 6 (7th Cir.1990); United States v. Monzon, 869 F.2d 338, 344-45 (7th Cir.), cert. denied, 490 U.S. 1075 (1989). But propensity is precisely what Martin was attempting to prove.[2] The cases Martin cites in his brief do not help because all concern the question whether a municipality employing a police officer can be held liable for the officer's alleged brutality. This is not a municipal liability suit, however; Martin never named the City of Chicago as a defendant. The only issue in this case is whether the individual defendants violated Martin's constitutional right to be free from use of excessive force during arrest and interrogation. In excluding the evidence Martin sought to admit, the district court did not abuse its discretion.
 
 
 3
 Martin also argues that the district court committed clear error by dismissing the case. The parties agree, and so do we, that the judgment granting the motion for a directed verdict should properly be treated as an involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b).[3] When a district court rules on a motion pursuant to Rule 41(b), it "must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." Sanders v. General Services Admin., 707 F.2d 969, 971 (7th Cir.1983) (citation omitted). While making no special inferences in the plaintiff's favor, the court must weigh all the evidence and decide where falls the preponderance. Id. Since Rule 52(a) governs when the district court orders an involuntary dismissal against the plaintiff, see Fed.R.Civ.P. 41(b), we may reverse its determination only if the findings of fact are clearly erroneous or the law applied to those facts could not support the decision. Furth v. Inc. Publishing Co., 823 F.2d 1178, 1180 (7th Cir.1987). The district court's findings merit great deference because it has the opportunity to hear testimony and to observe the demeanor of witnesses. "In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues de novo." Zenith Radio Co. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969). Unless there is contradictory extrinsic evidence or internally inconsistent findings, rarely will we find clear error when the district court's findings are based on its decision to credit one witness over another. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985); United States v. Dowell, 724 F.2d 599, 602 (7th Cir.), cert. denied, 466 U.S. 906 (1984).
 
 
 4
 Whether Martin was beaten by the defendants is largely a question of credibility. He testified that the police officers thrashed him about. Five officers testifying as adverse witnesses, as well as a former Assistant State's Attorney, denied the charges. Photographs of Martin taken shortly after the alleged beatings show not only no signs of cuts, bruises, or wounds, but also Martin smiling for the camera. Likewise, medical records contain no evidence of the brutality Martin alleges. Martin makes much of the fact that the police officers contradicted themselves and each other on the issue of who drove him to the police station on December 19, 1984, the night of his arrest. But this factual discrepancy has little bearing on the issue at hand. Martin had the opportunity to impeach their credibility. Even so, the district court found the defendants' testimony believable. Cf. United States v. Dent, Nos. 91-3113 and 91-3114 (7th Cir. Jan. 26, 1993), slip op. at 7-8 (police officers were credible witnesses even though their testimony "doesn't exactly dovetail"). We find no error--let alone a clear one--with the district court's decision to credit the defendants' version of events over Martin's.[4]
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although listed in the complaint and the appellate briefs, the Chicago Police Department has no legal existence separate from the City of Chicago and therefore cannot be sued. Chan v. City of Chicago, 777 F.Supp. 1437, 1442 (N.D.Ill.1991). The district court made this very finding of fact, Transcript of Martin v. Stone and Mannion, No. 86 C 9588 (N.D.Ill. Sept. 5, 1990) (hereinafter Tr.), at 253, with which we agree
 
 
 [2]
 In response to the objection, Martin said, "I think it's relevant that I ask him these questions to show if he has a predisposition towards violence towards prisoners." Tr. 83
 
 
 [3]
 The court stated that it was granting the motion for directed verdict. Tr. 258. The minute order indicates the same. R. 83. But a directed verdict pursuant to Federal Rule of Civil Procedure 50 is appropriate only in a jury trial. In a bench trial such as this, the proper vehicle for dismissal at the close of the plaintiff's case is Federal Rule of Civil Procedure 41(b). Lytle v. Household Mfg., Inc., 110 S.Ct. 1331, 1338 (1990); Furth v. Inc. Publishing Co., 823 F.2d 1178, 1179 (7th Cir.1987); 5A J.W. MOORE & J.D. LUCAS, MOORE'S FEDERAL PRACTICE p 50.03 (1992). Regardless of the implication that dismissal was pursuant to Rule 50, we may affirm on any ground supported by the record. Rothner v. City of Chicago, 929 F.2d 297, 303 n. 9 (7th Cir.1991). Although the docket entry recites the standard for dismissal under Rule 50 (i.e., "viewing the evidence in the light most favorable to the plaintiff"), the district court judge also stated on the record that as finder of fact he weighed the evidence to determine whether Martin had carried his burden of proof (e.g., "Each of the things I have said are my findings of fact and law on this case."). See Tr. 260. Accordingly, we will disregard the standard mentioned in the docket entry and instead consider the dismissal as having been granted under Rule 41(b). See 28 U.S.C. § 2111 (1991) (appeals court shall give judgment without regard to errors that do not affect the substantial rights of the parties)
 
 
 [4]
 We also reject Martin's argument that the district court erroneously dismissed his charge that the defendants conspired to hide their misdeeds. When the court found that Martin had not been mistreated, the conspiracy claim could not endure. Cf. Vaden v. Village of Maywood, 809 F.2d 361, 366 (7th Cir.), cert. denied, 482 U.S. 908 (1987)