Kristina K. LORENTZEN and Alan
Lorentzen, Plaintiffs,

v.

ANDERSON PEST CONTROL, Klean
Master, Kankakee Industrial Supply
Company, et al., Defendants–Appellees.

Appeal of Dennis E. CARLSON.

Nos. 94–1687, 94–2593.

United States Court of Appeals,
Seventh Circuit.

Argued June 6, 1995.

Decided Aug. 28, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied
Sept. 28, 1995.

**328**

Matthew W. Cockrell, Victoria A. Walkowicz, Rivkin, Radler & Kremer, Chicago, IL, for Dow Chemical Co., in No. 94–1687.

Robert A. Kezelis, James M. Hofert, French, Kezelis & Kominiarek, Chicago, IL, Kenneth D. Morris, NOR–AM Chemical Co., Wilmington, DE, for NOR–AM Chemical, Inc., in No. 94–1687.

Paul L. Langer, McDermott, Will & Emery, Chicago, IL, for Kankakee Indust. Supply Co., and Kleen Master, in No. 94–1687.

Robert M. Chemers, Catherine C. Reiter, Pretzel & Stouffer, Chicago, IL, for Hysan Corp., in No. 94–1687.

Robert C. Moore, Bullaro, Carton & Stone, Chicago, IL, Marthe C. Purmal, Cincinnati, OH, for Anderson Pest Control in No. 94–1687.

Constantine L. Trela, Michael W. Davis, Stephan V. Beyer (argued), Kathleen A. Ravotti, Linda M. Rio, Sidley & Austin, Chicago, IL, for ICI Americas, Inc., in No. 94–1687.

John T. Burke, Burke & Associates, Chicago, IL, for Tessendorf Mechanical Industries, Inc., in No. 94–1687.

Charles A. LeMoine (argued), Terrence E. Kiwal, Rooks, Pitts & Poust, Chicago, IL, for Honeywell, Inc., in No. 94–1687.

William E. Hourigan (argued), Bloomington, IL, for Dennis E. Carlson in No. 94–1687.

Steven R. Merican, Rivkin, Radler & Kremer, Chicago, IL, for Dow Chemical Co., in No. 94–2593.

Constantine L. Trela, Stephan V. Beyer (argued), Kathleen A. Ravotti, Sidley & Austin, Chicago, IL, for ICI Americas, Inc., in No. 94–2593.

John T. Burke, Burke & Associates, Chicago, IL, for Tessendorf Mechanical Industries, Inc., in No. 94–2593.

Charles A. LeMoine (argued), Terrence E. Kiwala, Geoffrey A. Bryce, Rooks, Pitts & Poust, Chicago, IL, for Honeywell, Inc., in No. 94–2593.

William E. Hourigan (argued), Bloomington, IL, for Dennis E. Carlson, in No. 94–2593.

Before ESCHBACH, KANNE, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

The district court sanctioned Dennis Carlson, plaintiffs' attorney in the underlying action, for failing to conduct a proper pre-filing investigation and for continuing to pursue baseless litigation against Honeywell, Inc. ("Honeywell") and ICI Americas, Inc. ("ICI") after discovery revealed that they were not proper parties to the action. The district court declined to sanction ICI and Honeywell for allegedly filing a baseless joint Rule 54(b) motion and for allegedly making misrepresentations to the court. We affirm the rulings of the district court because Carlson waived his right to appeal the imposition of sanctions when he failed to properly object to the magistrate-judge's Report and Recommendation, and because the district court did not abuse its discretion in setting the amount of the sanction or in refusing to sanction ICI and Honeywell.

## I. BACKGROUND

Carlson represented Kristina and Alan Lorentzen in a lawsuit against, among oth-

ers, Honeywell and ICI.[1] The Lorentzens alleged that Kristina had developed multiple chemical sensitivities after being exposed to certain chemicals in two poorly ventilated schools where she taught in suburban Chicago.[2] The Lorentzens named ICI as a defendant because ICI manufactures a rodenticide called Talon–G, which the Lorentzens alleged contributed to Kristina's injuries. Honeywell, the Lorentzens alleged, designed and provided components for the ventilating system of one of the schools. The Lorentzens also named as a defendant Anderson Pest Control ("Anderson"), which allegedly applied the offending chemical substances in the relevant schools.

Through requests to admit directed to Anderson, ICI was quickly able to discern that Talon–G had never been applied in any school where Kristina Lorentzen taught. Carlson himself admitted that neither he nor his client ever had specific knowledge as to what substances had been applied in the schools. Rather, he determined that Talon–G was one of the substances that Anderson had *available* for use in the school district. Faced with the sworn statements of Anderson that Talon–G had not been applied, Carlson refused to immediately dismiss ICI from the case, instead subjecting it to two years of needless discovery before voluntarily dismissing the company from the case.

The circumstances with Honeywell were not much different. Carlson relied entirely on his client's assertion that Honeywell was responsible for ventilation problems at one of the schools without conducting any independent investigation. Instead, Carlson relied on discovery to ascertain whether Honeywell properly belonged in the suit. When pressed to produce information and documents tying Honeywell to any alleged ventilation problems at the school, Carlson finally admitted that he had only recently reviewed construction records for the school and that he had no evidence to keep Honeywell in the case. After Honeywell had expended considerable resources defending itself against the baseless charges, Carlson voluntarily dismissed the company from the case.

Both ICI and Honeywell asked the court to sanction Carlson pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. They maintained that Carlson had failed to conduct an adequate pre-filing investigation and then had continued to pursue the baseless litigation in the face of clear evidence that neither Honeywell nor ICI had injured his clients. After the motions were fully briefed, the district court referred them to a magistrate-judge. On March 28, 1991, the magistrate-judge issued a detailed Report and Recommendation, recommending that the motions for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 be granted. The magistrate-judge found that costs and attorney's fees would be an appropriate sanction against Carlson, and that he not be allowed to recoup the sanction from his clients. The Report and Recommendation explained that written objections, if any, were to be filed with the district court within ten days, pursuant to Fed.R.Civ.P. 72(b), and that failure to object would constitute a waiver of objection on appeal.

Instead of filing objections with the district court, Carlson filed a motion with the magistrate-judge to vacate the Report and Recommendation. The magistrate-judge denied the motion to vacate, and six weeks later, Carlson filed a "Motion for a Ruling" in the district court, which was also denied. After adopting the Report and Recommendation without objection, the district court ordered ICI and Honeywell to file fee petitions. Carlson was given an opportunity to respond to these fee petitions, but focused his argument on the order imposing sanctions rather than on the amount of the fee requested. The magistrate-judge recommended that the petitions of ICI and Honeywell be granted in their entirety, explaining that in light of the amount of time necessary to defend against

---

1. The complaint was initially dismissed pursuant to Fed.R.Civ.P. 4(j) for failure to serve process within 120 days. The complaint was refiled approximately one year later, and subsequently amended. This latest version is the subject of this appeal.

2. Alan Lorentzen's claim was for loss of consortium.

the baseless charges, the fees sought were reasonable. The magistrate-judge also determined that nothing less than a substantial monetary sanction would deter Carlson from similar conduct in the future.

This time, Carlson filed an objection to the Report and Recommendation with the district court. On March 3, 1993, the district court adopted the second Report and Recommendation, ordering Carlson to pay $74,-499.61 to ICI and $71,420.70 to Honeywell. Carlson filed a motion to vacate that order, but after briefing and argument, the district court denied his motion. Shortly thereafter, seeking to confirm the entry of final judgement, both ICI and Honeywell filed motions for final judgment pursuant to Fed.R.Civ.P. 54(b). The district court denied these motions, and Carlson then filed his own motion for Rule 11 sanctions, arguing that the Rule 54 motions of ICI and Honeywell were baseless. After briefing and argument, the district court denied Carlson's motion for sanctions. Undeterred, Carlson filed a second motion for sanctions, this time contending that ICI and Honeywell had made false statements during the oral argument on Carlson's earlier motion for sanctions. The district court denied this motion pursuant to Local General Rule 12(I), which allows the court to dismiss motions *sua sponte* for failure to prosecute. In this appeal, Carlson challenges the order imposing sanctions against him, as well as the orders denying sanctions against ICI and Honeywell.

## II. DISCUSSION

 Failure to file objections with the district court to a magistrate's report and recommendation waives the right to appeal all issues addressed in the recommendation, both factual and legal. *Egert v. Connecticut General Life Ins. Co.,* 900 F.2d 1032, 1039 (7th Cir.1990). In *Egert,* the same magistrate-judge had issued the same warning she issued here: that written objections to any finding of fact, conclusion of law or recommendation must be filed with the district court within ten days or such objections will be waived on appeal. We held that the failure of the defendant to heed that warning constituted a waiver of the defendant's right

to have this court review the magistrate's findings, and we therefore declined to do so. *Id.* Because Carlson failed to object before the district court to the magistrate-judge's recommendation that sanctions be imposed, we will not review the district court's decision to adopt that recommendation and to sanction Carlson. Furthermore, the district court imposed its sanction under both Rule 11 and 28 U.S.C. § 1927 and Carlson failed to challenge the imposition of sanctions under section 1927. Thus, the section 1927 award supplies an additional, independent basis for upholding the decision of the district court. We affirm, therefore, the imposition of sanctions against Carlson.

 Carlson did timely object to the second Report and Recommendation which addressed the amount of sanctions to be imposed, and therefore preserved that issue for review by this court. We review the district court's order setting sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). "Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court. If reasonable persons could differ, no abuse of discretion can be found." *Durr v. Intercounty Title C. of Illinois,* 14 F.3d 1183, 1187 (7th Cir.1994) (quoting *Harrington v. DeVito,* 656 F.2d 264, 269 (7th Cir.1981)). Rule 11 permits an award of those expenses directly caused by a baseless filing, including attorneys' fees in defending against the filing. *Id.*

 The magistrate-judge's Report and Recommendation, fully adopted by the district court, reflects careful consideration of the detailed billing records submitted by ICI and Honeywell. Having supervised the discovery that accounted for the bulk of the fees in question, the magistrate-judge was in the best position to know whether the fees sought were reasonable. Based on her experience with the litigation, she held that the fees were reasonable and that only a substantial monetary sanction would deter Carlson from engaging in similar conduct in the future. This court's review of the record reveals that the holdings of the district court are well founded in fact and law.

Against this background, Carlson offers nearly unintelligible statements regarding the legal standards for setting fees. While some of these assertions may be correct statements of the law in the abstract, Carlson does not apply them to the facts before us. Carlson offers no specific examples of excessive fees or vague billing records. In fact, he makes no cogent argument at all. The district court did not abuse its discretion in setting the amount of the sanction equal to the fees and costs reasonably incurred by ICI and Honeywell in defending this baseless action. We therefore affirm the amount of the sanctions imposed upon Carlson.

■ Similarly, the district court did not abuse its discretion in denying Carlson's motions for sanctions against ICI and Honeywell for filing the joint Rule 54(b) motion and for allegedly making misrepresentations in open court. The district court denied the motion seeking sanctions for the alleged misrepresentation for failure to prosecute the motion. Local General Rule 12(I) provides that where a moving party delivers a motion for which no date of presentment is set and fails to serve notice of presentment within ten days of delivering the copy of the motion to the court, the court may on its own initiative deny the motion. That is exactly what happened here. Carlson argues that he failed to notice up the motion because he did not have a transcript of the hearing where the alleged misrepresentations were made. But Carlson's apparent inability to obtain a transcript has no bearing on his ability to notice up the motion. The court was well within its discretion to dismiss the motion for failure to prosecute.

Moreover, the court was within its discretion when it denied the motion for sanctions for filing the allegedly baseless Rule 54(b) motions. In what had become a case unto itself involving sanctions and attorney's fees, the joint Rule 54(b) motion was made for the proper purpose of putting an end to the baseless litigation, and not to harass, delay or cause unnecessary expense. Indeed, the record reveals that ICI and Honeywell were more than anxious to put an end to the litigation and at no time sought to needlessly protract it. Therefore, the district court did not abuse its discretion in refusing to impose sanctions on the basis of the joint Rule 54(b) motion. We affirm the district court's rulings denying sanctions against ICI and Honeywell.

### III. RULE 38 SANCTIONS

■ Unfortunately, our affirmance does not conclude this sorry proceeding, and there is one more issue we must address. Both ICI and Honeywell have moved on appeal for sanctions against Carlson pursuant to Fed. R.App.P. 38. The imposition of sanctions pursuant to Rule 38 involves a two-step inquiry. First we must decide whether the appeal is, in fact, frivolous. If so, we must determine whether sanctions are appropriate in this case. *Perry v. Pogemiller*, 16 F.3d 138, 139 (7th Cir.1993). An appeal is frivolous " 'when the result is obvious or when the appellant's arguments are wholly without merit.' " *Ashkin v. Time Warner Cable Corp.*, 52 F.3d 140, 146 (7th Cir.1995) (quoting *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir.1994)). We at times have also required some evidence of bad faith before finding that sanctions should be imposed. *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 459 (7th Cir.1994).

Carlson's appeal borders on the frivolous. He presents no argument sufficient to overcome the difficult abuse of discretion standard which applied in this case. Moreover, the defendants faced a daunting and unenviable challenge in responding to Carlson's rambling fifty page brief in which some cognizable argument may have lurked. Nevertheless, we think Carlson did not appeal in bad faith; his judgment was simply poor. We do not condone the slipshod manner in which he has litigated this case, including this appeal. But given the severity of the sanctions imposed below, no useful purpose would be served in further sanctioning Carlson. We therefore exercise our discretion not to impose further sanctions, and the motions for sanctions pursuant to Rule 38 are denied.

AFFIRMED.