70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald R. SCHROEDER, Plaintiff-Appellant,
v.
K & K INSURANCE GROUP, INC., Lincoln National Specialty
Claims Service, Inc., and Lincoln National
Corporation, Defendants-Appellees.
 No. 95-1148.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 16, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Ronald R. Schroeder filed a complaint against K & K Insurance Group, Inc., Lincoln National Specialty Claims Service, Inc., and Lincoln National Corporation, alleging employment discrimination and retaliation in violation of 42 U.S.C. Secs. 2000e, et seq. The case was settled for $25,000 and the complaint was voluntarily dismissed with prejudice, Fed.R.Civ.P. 41(a)(1). Almost two years later, Schroeder filed a motion for reconsideration, Fed.R.Civ.P. 60(b), alleging that newly discovered evidence demonstrated that the defendants committed "fraud, misrepresentation, misconduct and other acts" requiring that the settlement agreement be set aside and the dismissal be vacated. Specifically, Schroeder argued that at the time of the settlement, he was unaware of a background investigation done by Howard Polk, an employee of Lincoln National Corporation. Schroeder maintained that because Polk was not a licensed investigator, Lincoln National Corporation violated Indiana's Detective License Law, Ind. Code Secs. 25-30-1-1, et seq., and, therefore, Schroeder was entitled to lost wages and punitive damages. Schroeder asserted that had he known of this "misconduct," he would not have settled and dismissed the case. Schroeder added that Judge Sharp's reinstatement of Magistrate Judge Cosbey to preside over the settlement proceedings, after Cosbey recused himself from the case because of a financial conflict of interest, required the settlement and dismissal be ordered "null and void." The district court denied Schroeder's motion for reconsideration. This timely appeal follows.
 
 
 2
 On appeal, Schroeder argues that the settlement should be set aside and the dismissal vacated because (1) there was newly discovered evidence that Polk conducted a background investigation of Schroeder in violation of the Indiana's Detective License Law; (2) employees of the defendants harassed, intimidated, and threatened Schroeder during the settlement negotiations; and (3) Magistrate Judge Cosbey's financial interests caused him to misrepresent the facts and the law in the final settlement conference.
 
 
 3
 In reviewing a motion for reconsideration under Rule 60(b), we "can only consider whether the denial of the motion was an abuse of discretion; we cannot reach the merits of the underlying judgment." Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991) (quotations omitted). Hence, a Rule 60(b) motion should be granted " 'only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.' " Id. at 978 (quoting Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986), cert. denied, 482 U.S. 905 (1987)). "Supporting this limited review is ' "a strong policy favoring the finality of judgments." ' " Id. (quoting 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987) (quoting Margoles, 798 F.2d at 1072)).
 
 Rule 60(b) provides, in pertinent part:
 
 4
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
 
 
 5
 The case was dismissed on February 5, 1993. Schroeder's motion for reconsideration was filed on November 22, 1994. Hence, to the extent that Schroeder's motion for reconsideration was filed under Rule 60(b)(2) and (3)--i.e., that it was based on allegedly newly discovered evidence, fraud, misrepresentation and misconduct--it was untimely. Rule 60(b)'s time limitations may not be extended. United States v. Deutsch, 981 F.2d 299, 302 (7th Cir.1992).
 
 
 6
 However, in his motion for reconsideration, Schroeder also alleged that the settlement and dismissal of the case was "void" because Magistrate Judge Cosbey, who presided over the settlement proceedings, had a financial conflict of interest. Arguably, this claim could fall under either Rule 60(b)(4) (a claim that the judgment is void) or (b)(6) (any other reason justifying relief). Although there is no specific time limitation for requesting relief under these provisions, such a motion must still be made within a "reasonable time." This Schroeder did not do. Despite the fact that Schroeder knew of Magistrate Judge Cosbey's financial conflict of interest at the time the action was dismissed, he did not file his motion to reconsider the dismissal until almost two years later. Since he does not proffer any justification for this unreasonably long delay, his motion was filed too late.
 
 
 7
 Schroeder's Rule 60(b) motion was untimely and, therefore, the district court did not abuse its discretion in denying it.
 
 Sanctions
 
 8
 Appellees request sanctions under Fed.R.App.P. 38. Appellees' separately filed motion has provided the requisite notice to Schroeder of their request for sanctions. Moreover, Schroeder has responded.[1] Upon consideration of these pleadings, we agree with appellees that sanctions are appropriate here.
 
 
 9
 Under Rule 38, sanctions are appropriate where the appeal is frivolous. That is, "when the result is obvious or when the appellant's arguments are wholly without merit." Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995) (quotations omitted). Schroeder's appeal is frivolous. His motion for reconsideration was filed nearly two years after he settled the case. He does not provide any reasons for this late filing. Nor is there otherwise any substance to his motion. Schroeder knew of Polk's background investigation before settlement. (Deposition of Howard Polk, October 30, 1992, at 7.) Schroeder's claims of harassment and intimidation, and his allegation that Cosbey intentionally misrepresented the law and facts at the settlement proceedings were never made to the district court.[2] That this appeal is frivolous should be no surprise to Schroeder and he should be sanctioned for filing it. Cf. Lorentzen, 64 F.3d at 331.
 
 
 10
 Accordingly, appellees are ordered to submit to the Clerk of this court within fifteen days of the date of this decision a statement of attorney's fees and costs occurred in defending this appeal. Schroeder shall respond within fifteen days thereafter to the reasonableness of the appellees' submission. We will then consider the submissions of the parties.
 
 
 11
 In their Rule 38 motion, the appellees additionally request that we enjoin Schroeder from further filings, as this court has done in the past. See, e.g., Support Systems Int'l, Inc., v. Mack, 45 F.3d 185, 186-87 (7th Cir.1995). Appellees point out that, including the instant appeal, Schroeder has filed three appeals relating to his discharge from K & K Insurance Group. In addition, they note Schroeder's threat of future lawsuits and implicit threats of violence in his filings with this court.[3] Nonetheless, we do not think an injunction is necessary at this time. Regarding the other appeals filed by Schroeder, one is still pending, Schroeder v. Polk, Rolland, and Meadows, et al., No. 94-3252, and the other was dismissed by Schroeder pursuant to Fed.R.App.P. 42(b), Schroeder v. Meadows, No. 93-3716. Considering that Schroeder has not been previously sanctioned, and that he has filed only two other appeals in this matter, one of which he voluntarily dismissed, and the other which involves different (although related) parties, a monetary sanction is adequate at this time. We point out, however, that in the event that Schroeder fails to pay the sanctions imposed, we will enter an order under Mack forbidding him to file any legal document in any court within this circuit until all sums have been paid.
 
 
 12
 For the foregoing reasons, the judgment of the district court is AFFIRMED with SANCTIONS.[4]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Schroeder has also filed his own request for Rule 38 sanctions. This motion, however, is denied since sanctions are available under Rule 38 only for the filing of a frivolous appeal. Naturally, because Schroeder filed the instant appeal, he cannot file a claim for Rule 38 sanctions
 
 
 [2]
 Although Schroeder did allege that Cosbey had a financial conflict of interest, Schroeder never informed the district court how this conflict adversely impacted his decision to settle and dismiss the case
 
 
 [3]
 For instance, in his memorandum in opposition to deny appellees' motion for sanctions, Schroeder provides: "Appellant has not resorted to violence. But rather he has sought justice with a piece of paper. If Appellant has to file 10 complaints with 10 different courts, it is a more peaceful and civil attempt to resolve this dispute than by using 10 bullets. Correct?"
 
 
 [4]
 Appellees also request that we consider whether Schroeder's threats of violence should be investigated or prosecuted as an attempt to obstruct justice, 18 U.S.C. Sec. 1503. We, however, will leave such a decision to the appropriate law enforcement authorities