96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kerry DENIL and Joyce Denil, Plaintiffs-Appellants,
v.
STATE BANK OF KEWAUNEE-ALGOMA, formerly known as First State
Bank of Algoma, et al. Defendants-Appellees.
 No. 94-3370.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1996.*
Decided Aug. 26, 1996.
Rehearing Denied Oct. 17, 1996.
 
 Before RIPPLE, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Kerry and Joyce Denil filed a complaint pursuant to 42 U.S.C. § 1983 against the State Bank of Kewaunee-Algoma (hereinafter "the Bank"), two officers of the Bank (Dave Miller and Earl B. Krueger), an attorney for the Bank (Keith Mehn), two state judges (S. Dean Pies and John D. Koehn), and the Sheriff of Door County (Charles Brann). The complaint alleged that Miller and Mehn initiated a state court action (No. 90-CV-19) in Kewaunee County on behalf of the Bank to recover on defaulted notes. The Bank submitted an affidavit by Krueger in support of this action. The complaint alleged that Miller, Mehn, and Krueger conspired with the judge hearing the case, Judge Pies, so that judgment against the Denils would be rendered on the basis of inapplicable law. Pursuant to this judgment, personal property of the Denils was allegedly seized by Door County. According to the Denils, Sheriff Brann should have allowed the return of this property because the writ of execution violated state law. The Bank then brought a state court action (No. 90-CV-223) in Door County to foreclose on the defendants' real property. The Denils alleged that this action was brought in the wrong county and, like the first action, lacked a basis in the law and facts in question. Once again, the Denils asserted that defendants Miller and Mehn conspired with the judge hearing the case, in this instance Judge Koehn, to procure a judgment based on inapplicable law. The Denils' complaint concluded with assertions of several constitutional violations, and requests for various forms of relief.
 
 
 2
 After service of the Denils' complaint, the defendants filed motions to dismiss and motions for summary judgment, asserting a variety of grounds. The district court issued a brief order on February 14, 1994, granting the motions to dismiss the complaint with prejudice for failure to state a claim (Fed.R.Civ.P. 12(b)(6)), and indicating that an analysis would follow. On March 18, 1994, the Denils filed a motion to amend their complaint, along with an amended complaint. The amended complaint repeated most of the allegations made in the original complaint, and added claims that the defendants breached various alleged "duties" to the Denils under state or federal law.
 
 
 3
 The district court then issued an order on March 21, 1994, which examined only the initial complaint, and did not refer to the motion to amend. The order stated that although the complaint could be dismissed pursuant to Rule 12(b)(6), the court would instead sua sponte dismiss the case without prejudice for lack of subject-matter jurisdiction. The order also granted the motions of several defendants (the Bank, Miller, Krueger, and Brann) for sanctions under Fed.R.Civ.P. 11. After receiving submissions on the issue from defendants and plaintiffs, the court determined that the defendants' requests for attorney fees under Rule 11 were reasonable and appropriate, and granted judgment in the amounts requested. The district court also denied a motion by the Denils under 28 U.S.C. § 455 seeking the district judge's disqualification. Judgment was entered, and the Denils appeal.
 
 
 4
 The Denils contend that they were entitled to notice and an opportunity to be heard before the district court acted sua sponte and dismissed the case for lack of jurisdiction. They also argue that the district court improperly refused to consider their proposed amended complaint when dismissing the case for lack of jurisdiction, discussing instead only the original complaint. A district court generally may not dismiss a complaint under Fed.R.Civ.P. 12(b)(1) and 12(h)(3) without notice or a hearing; it may do so only if the jurisdictional defect is clearly incurable. Shockley v. Jones, 823 F.2d 1068, 1072-73 (7th Cir.1987). Also, as a general rule, a district court should freely give leave to amend the complaint, Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed.R.Civ.P. 15(a)), prior to dismissal of the action, Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1985).[1] However, leave to amend is within the discretion of the district court, and need not be given if there is an apparent reason not to do so, such as bad faith, dilatory motive, or futility of amendment. Foman, 371 U.S. at 182. Also, we need not remand due to lack of notice and opportunity to respond, if such remand would be futile. Shockley, 823 F.2d at 1073.
 
 
 5
 All or nearly all of the original complaint fell afoul of the Rooker-Feldman doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The original complaint attacks two state court judgments against the Denils, along with the litigation, decision, and enforcement of those judgments. The alleged acts by the defendants are inextricably intertwined with state court judgments. Plaintiffs may not seek reversal of state court judgments, nor challenge actions inextricably intertwined with such judgments, by bringing a civil rights action in federal court. Ritter v. Ross, 992 F.2d 750 (7th Cir.1993), cert. denied, 114 S.Ct. 694 (1994). The claim that Sheriff Brann violated state law concerning writs of execution might not be barred under the Rooker-Feldman doctrine. However, it is a state cause of action, not a federal one. Without a valid federal claim for this claim to supplement, this claim is not within a district court's subject-matter jurisdiction. See 28 U.S.C. § 1367 (supplemental jurisdiction).
 
 
 6
 Even if the Denils did move to amend in good faith--which we doubt, given the evidence in the record that the Denils had brought this action in order to harass and delay the defendants, see infra--a remand to allow the amendment would be futile. Most of the amended complaint suffers from the same Rooker-Feldman infirmities as the original complaint. The sixth through tenth "Causes of Action" in the amended complaint, like the claim concerning the writ of execution in the original complaint, are claims of violations of state law, and do not lie within the district court's jurisdiction without a valid federal claim that might be supplemented.
 
 
 7
 The district court did not abuse its discretion in granting Fed.R.Civ.P. 11 sanctions against the Denils. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (abuse-of-discretion review for award of Rule 11 sanctions); Lorentzen v. Anderson Pest Control, 64 F.3d 327, 330 (7th Cir.1995) (same), cert. denied sub nom. Carlson v. ICI Americas Inc., 116 S.Ct. 1423 (1996). It is reasonable to conclude that the Denils had brought the action to harass the defendants and to delay the foreclosure process. See Wright v. Tackett, 39 F.3d 155, 158 (7th Cir.1994) (Rule 11 sanctions appropriate where action was filed solely for the purpose of delaying foreclosure proceedings), cert. denied, 115 S.Ct. 1100 (1995). The Denils were, in effect, attempting to relitigate three cases they had lost in state court. Furthermore, as the district court noted, the Denils had been quoted in a newspaper article (submitted by defendants to the district court) as to their delaying tactics.
 
 
 8
 In his brief, appellee Charles Brann requests our court to award damages and double costs under Fed.R.App.P. 38, and impose sanctions under Cir.R. 38. Brann contends that when an appellee requests sanctions in his brief--so that the appellants have an opportunity to address the claim in their reply brief--further notice and opportunity to respond is unnecessary. However, Fed.R.App.P. 38, as amended effective December 1, 1994, allows us to award damages or costs only "after a separately filed motion or notice from the court," and not merely after a request by brief. Fed.R.App.P. 38 & Advisory Committee Note (effective Dec. 1, 1994); McDonough v. Royal Caribbean Cruises, Ltd., 48 F.2d 256, 258 (7th Cir.1995). If the party seeking sanctions has not moved for them, and if we believe that sanctions may be warranted, then we must afford the party subject to sanctions an opportunity to respond. See Fed.R.App.P. 38; Cir.R. 38; McDonough, 48 F.3d at 258-59.
 
 
 9
 We turn to whether sanctions under Fed.R.App.P. 38 or Cir.R. 38 may be warranted. We have already warned the Denils, in denying their petition for a writ of mandamus and related papers with respect to the case on review in this appeal, that if they file additional frivolous papers or appeals, we will impose sanctions. See unpublished order in No. 95-2170 (7th Cir. June 9, 1995). The Denils come closest to sanctionable behavior in this appeal by arguing that Judge Randa should have disqualified himself under 28 U.S.C. § 455. Our June 9, 1995 order rejected the Denils' arguments that Judge Randa should have granted their motions for disqualification. However, the Denils appear to make distinct arguments in this appeal. They seem to contend not that their motions should have prevailed on the merits, but rather that the judge erred procedurally by failing to address their second motion, and by failing to give them notice and opportunity to be heard. This is related to their arguments that the district court erred in failing to consider their amended complaint, and in dismissing the case sua sponte. The Denils should have raised all of their arguments on the disqualification issue in their petition for a writ of mandamus, and we therefore conclude that any new arguments on the issue raised in this appeal are forfeited. Cf. United States v. Towns, 913 F.2d 434, 443 (7th Cir.1990) (a party waives his recusal argument under 28 U.S.C. § 455 if he has failed to petition for a writ of mandamus). Yet, because the Denils' arguments about procedure are non-frivolous--although they are unavailing--we conclude that sanctions are not warranted. See Lorenzen, 64 F.3d at 331 (we must find both that the appeal is frivolous and that sanctions are appropriate before imposing Rule 38 sanctions); Depoister v. Mary M. Holloway Foundation, 36 F.3d 582, 588 (7th Cir.1994) (same). The warning to the Denils from our June 9, 1995 order, though, remains in effect.
 
 
 10
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court's February 14, 1994 dismissed the "complaint"; its March 21, 1994 dismissed the "case."