132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Argued November 13, 1997
Decided Dec. 8, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Jan. 27, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.
 
 
 2
 Before Hon. Jesse E. ESCHBACH, Circuit Judge Hon. Kenneth F. RIPPLE, Circuit Judge Hon. Ilana Diamond ROVNER, Circuit Judge
 
 ORDER
 
 3
 COSBEY, M.J.
 
 
 4
 Rory Pitman filed this action against Randy May, the Town Marshal of Redkey, Indiana, complaining that his arrest by May for child sexual abuse charges violated the Fourth Amendment and various state laws. The district court[1] granted summary judgment in favor of May on all claims. Pitman appeals the entry of summary judgment on his federal claims brought under 42 U.S.C. § 1983. We affirm.
 
 
 5
 To prevail on a § 1983 claim, a plaintiff must show (1) that his federal rights were violated (2) by an official acting under color of state law. Spiegel v. Rabinowitz, 121 F.3d 251, 254 (7th Cir.1997). Pitman cannot show the first element, the alleged Fourth Amendment violation, because May had probable cause to arrest him. "The police have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." Sheik-Abdi v. McClellan, 37 F.3d 1240, 1246 (7th Cir.1994) (internal quotation marks and brackets omitted).
 
 
 6
 Here, the parties do not dispute the essential facts. On April 21, 1994, Linda Marsh, a caseworker with the Jay County Department of Public Welfare, called May and told him that Lisa Marie Pitman ("Marie"), a thirteen-year-old girl who is Rory Pitman's oldest daughter, might have been sexually molested. May went to Marie's school and videotaped an interview that he and Marsh conducted of Marie, in which she reported that her father had sexually abused her since she was three or four years old. The abuse included vaginal, anal, and oral sexual penetration. Marie also wrote out a statement for May. Over the next several days, May investigated Marie's claim, interviewing Marie's sister and brothers, both of her parents, several of her aunts and uncles who lived in the same town, and two of Marie's friends whom she had told about the abuse. Pitman denied the accusations, and Marie's mother stated that she didn't know whom to believe, her husband or her daughter. However, all of the witnesses interviewed, including Pitman himself, confirmed Marie's general truthfulness, and some of the witnesses corroborated certain aspects of Marie's story. Marie was also physically examined by a physician, who found tears caused by sexual penetration at several places in Marie's hymen and concluded that "there is no doubt in my mind that this child has been sexually abused at some time in her life."
 
 
 7
 May wrote a report of his investigation in which he stated, "To me, it's clear that Rory molested his daughter Marie Pitman," and turned the report and his complete file over to the prosecutor. On May 6, 1994, the prosecutor filed an information charging Pitman with three counts of child molestation. A local judge found probable cause to believe that a crime had been committed and issued a warrant for Pitman's arrest. May then arrested Pitman pursuant to the warrant. The charges against Pitman were later dismissed.
 
 
 8
 On these facts, it is unquestionable that May had probable cause to arrest Pitman. The Indiana criminal statute Pitman was charged with violating prohibits sexual intercourse or deviate sexual conduct with a child under the age of twelve, § 35-42-4-3(a), and fondling or touching a child between the ages of twelve and sixteen with the intent to arouse or satisfy the sexual desires of either the adult or the child. § 35-42-4-3(d). Marie's statements to May gave him probable cause to believe that Pitman had committed these crimes, because the acts she described included fondling, and vaginal, anal, and oral intercourse with Pitman. During the subsequent investigation, a number of witnesses including Pitman himself stated that Marie was trustworthy and did not lie. "This court has consistently held that when an officer has received his information from some person--normally the putative victim or an eye witness--who it seems reasonable to believe is telling the truth, he has probable cause." Sheik-Abdi, 37 F.3d at 1247 (internal quotation marks and citation omitted). Here, May had even more than this: he had the report of the doctor who physically examined Marie, which found clear evidence of sexual penetration and concluded that Marie had been sexually abused.
 
 
 9
 Because May had probable cause to arrest Pitman, the arrest did not violate the Fourth Amendment, and Pitman's § 1983 claims fail. The judgment of the district court is affirmed.[2]
 
 
 
 [1]
 The parties agreed to conduct all proceedings including trial before a magistrate judge
 
 
 [2]
 In his appellate brief, May asks this court to award him damages and costs pursuant to Fed. R.App. P. 38. The text of Rule 38 expressly requires that such a request from a party must be brought in a separately filed motion. Fed. R.App. P. 38. May neglected to do this. Even if he had, however, this appeal does not merit sanctions. Although Pitman's arguments are ultimately unsuccessful, they are not wholly frivolous. See Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995). We therefore deny the request for sanctions