In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1846

JEANNINE A. TUMMINARO,

*Plaintiff-Appellant*,

*v.*

MICHAEL J. ASTRUE, Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 09 C 50116—**Philip G. Reinhard**, *Judge.*

ARGUED OCTOBER 4, 2011—DECIDED NOVEMBER 1, 2011

Before CUDAHY, FLAUM, and TINDER, *Circuit Judges.*

PER CURIAM. An Administrative Law Judge ("ALJ") found that Jeannine Tumminaro had been disabled by chronic back pain but after four years showed "medical improvement" and returned to full-time work. A period of disability ends if the claimant shows medical improvement *or* engages in substantial gainful activity, but Tumminaro argues that the ALJ's finding of medical improvement is not supported by substantial evidence.

Tumminaro further argues that her renewed employment (which appears to be ongoing) was not an independent basis for declaring that her disability had ended because the ALJ never evaluated whether that work constituted an authorized (and encouraged) "trial work period" and thus could not be labeled as substantial gainful activity. We agree. Accordingly, we reverse the judgment and remand with instructions that the case be returned to the Social Security Administration for additional proceedings to address Tumminaro's trial work period.

**I.**

Tumminaro underwent three back surgeries after she was twice hit by cars in unrelated incidents. The first time, in June 2002, she was struck by a coworker's pickup truck while working as a construction flagger. She continued working the day she was hit but later reported severe back pain. By January 2004, pain medicine and physical therapy had not alleviated Tumminaro's pain, so she underwent a spinal fusion, and doctors inserted a metal fusion cage in her lower back. She sought treatment in September 2004 from Dr. James Wilson, a pain specialist, who prescribed four different pain medications. Tumminaro's back pain continued, however, and in January 2005 she had another operation to remove the cage from her back. She returned to her job as a flagger in April 2005, apparently without complications with her back. But that July, while en route to work, she was in a second car accident, which required a third back surgery. A year

after this surgery, Dr. Wilson began treating Tumminaro's back pain with steroid injections. She reported to Dr. Wilson that the injections provided her "40-50% relief," so he continued giving her these injections every few months.

Tumminaro first applied for Disability Insurance Benefits and Supplemental Security Income in October 2003, but information about that application is not in the record. She applied for benefits again in March 2005 and asserted that she had been disabled since being struck by the pickup in 2002. Her claim was denied, and she did not seek reconsideration. Tumminaro applied once more for benefits in September 2006, this time maintaining that she had been disabled since January 2004. After her initial claim and request for reconsideration were denied, Tumminaro requested a hearing before an ALJ.

In the meantime Dr. Wilson continued treating Tumminaro's chronic back pain with medicine and steroid injections, which brought her "significant relief" between 2007 and 2008. For example, she told Dr. Wilson that an injection in April 2008 had provided "80% relief." During an appointment in July 2008, however, Tumminaro complained of constant, sharp back pain that rated 9 in severity on a scale of 1 to 10. Dr. Wilson noted that Tumminaro's medication had improved her "daily living activities," refilled her prescriptions, and asked her to return in a month. At that next visit, in August 2008, Tumminaro again described her back pain as "constant, sharp and stabbing," but Dr. Wilson

simply continued the medication and prescribed home exercises. When she returned in September for another injection, she rated her pain as a 10 and reported no improvement since her last visit. Dr. Wilson instructed her to return in a couple weeks, continue "activity as tolerated," and perform stretching and strengthening exercises.

The ALJ conducted a hearing in October 2008. Tumminaro testified that she still experienced "major back problems and hip problems" and was taking four pain medications that occasionally made her tired. The steroid injections, she acknowledged, helped "to some extent," but she insisted that her back pain had not improved since her first surgery in 2004. Tumminaro nonetheless conceded that, although she previously had needed help taking care of herself and her home, by 2006 she no longer needed assistance. She also had resumed driving in 2006. And despite her chronic back pain she had returned to work full time in February 2008, initially as a forklift driver and then in a clerical position with the same company. Tumminaro also worked about once a week in her former position as a construction flagger and was performing both jobs at the time of hearing. Working made her back pain worse, she explained, but she needed the money.

The ALJ concluded that Tumminaro's chronic back pain had rendered her disabled from January 2004 until her return to full-time work in February 2008. The ALJ asserted that Tumminaro had "testified to, and medical records show, improvement and her returning to work."

The ALJ did not mention the medical evidence or Tumminaro's testimony pertaining to the period after February 2008 but apparently inferred from her return to work that she had "experienced medical improvement and is engaged in substantial gainful activity and, therefore, no longer disabled."

Tumminaro requested review by the Appeals Council. She argued that the evidence does not support the ALJ's finding of medical improvement, and that the ALJ should have viewed her return to work as a "trial work period." Claimants found to be disabled may test their ability to resume working by accepting employment for up to nine months without forfeiting their determination of disability or their benefits. 20 C.F.R. § 404.1592(a). Tumminaro contended that her award of benefits should have been ongoing and not limited to a closed period. The Appeals Council denied Tumminaro's request for review, and when she sought review in the district court, *see* 42 U.S.C. § 405(g), the case was referred to a magistrate judge. In moving for summary judgment, Tumminaro reasserted the same contentions made to the Appeals Council.

The magistrate judge reasoned, much like the ALJ, that Tumminaro must have experienced medical improvement by February 2008 because she returned to full-time work. And once Tumminaro demonstrated medical improvement, the magistrate judge continued, her trial work period became irrelevant. Thus the magistrate judge issued a Report and Recommendation proposing that the district court uphold the ALJ's limited award.

The magistrate judge informed Tumminaro that she had 14 days to file objections to the report, but Tumminaro did not do so. The district court adopted the magistrate judge's recommendation and upheld the ALJ's award of benefits for the closed period from January 2004 to February 2008.

## II.

Because the Appeals Council declined review, we review the ALJ's decision as the final decision of the Commissioner. *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008). We confine our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943); *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010).

The parties agree that Tumminaro was disabled between January 2004 and February 2008. The issue here is whether she was disabled for any period after that point. Tumminaro maintains that the ALJ should have considered her return to work in February 2008 as part of a trial work period and argues that the ALJ's finding of medical improvement lacks evidentiary support.

The Commissioner first contends that Tumminaro waived her right to challenge on appeal the issues addressed in the magistrate judge's Report and Recommendation because she did not file any objections. We disagree. It is true that a party normally waives the right to contest a magistrate judge's conclusions, both factual and legal, by not presenting an objection to the district court. 28 U.S.C. § 636(b)(1)(B), (C); *Estate of Sims*

*ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). For waiver to apply, however, a magistrate judge must inform the party about both the timeframe for filing objections and that waiver will follow from inaction. *Ashkin v. Time Warner Cable Corp.*, 52 F.3d 140, 142 (7th Cir. 1995); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 261 (7th Cir. 1989). In this case the magistrate judge explained that Tumminaro had 14 days to file objections but did not warn her explicitly that any objection not made by that deadline would be waived. The omission of that essential warning means that Tumminaro did not waive her right to challenge on appeal the magistrate judge's conclusions.

Tumminaro argues that the ALJ ignored her entitlement to a trial work period when he limited the award of benefits to the period before she resumed full-time employment in February 2008. Before limiting benefits to a closed period, an ALJ must conclude either that a claimant experienced "medical improvement" as evidenced by changes in the symptoms, signs, or test results associated with her impairments, or else that an exception to this rule applies. *See* 20 C.F.R. § 404.1594(a), (b)(1); *Veino v. Barnhart*, 312 F.3d 578, 586-87 (2d Cir. 2002); *Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002); *Johnson v. Apfel*, 191 F.3d 770, 773 (7th Cir. 1999). That determination is informed by an eight-step evaluation that begins with a principal exception to the need for medical improvement: Has the claimant engaged in substantial gainful activity *after* the completion of a trial work period? 20 C.F.R. § 404.1594(f).

Individuals entitled to receive disability benefits are entitled, absent certain disqualifying factors not present here, to a trial work period. 20 C.F.R. § 404.1592(d)(1), (2); *see* BARBARA SAMUELS, SOCIAL SECURITY DISABILITY CLAIMS § 29:11. Social Security regulations authorize this trial period to encourage benefit recipients to assess their ability to return to work without the implication that their disability has ended. SOCIAL SECURITY LAW AND PRACTICE § 44:123; SOCIAL SECURITY AND MEDICARE ANSWER BOOK 4:75. Work performed after a claimant becomes entitled to benefits will be characterized as part of a trial period until such time as the claimant has tallied 9 months of "service" (whether consecutive or not) over a 60-month period. 20 C.F.R. § 404.1592(e). During this "rolling" trial period, an ALJ cannot consider the work being performed as evidence that the claimant is no longer disabled but may rely on other evidence to reach that conclusion. 20 C.F.R. § 404.1592(a), (e); *see* POMS DI 13010.035(D)(2). Once the trial period is over, however, the ALJ may look back at the work performed during that time in assessing whether the disability ended at some point "*after* the trial work period." 20 C.F.R. § 404.1592(a) (emphasis added); *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007); *Newton v. Chater*, 92 F.3d 688, 692-93 (8th Cir. 1996). Completion of nine months of service does not by itself mark the end of a claimant's disability. Rather, a claimant's disability ceases the first month she engages in substantial gainful activity *after* the end of a trial period. 20 C.F.R. § 404.1592a(a)(1). Disability benefits continue, however, for that month and the two that follow. 20 C.F.R. § 404.1592a(a)(2)(i).

Tumminaro's trial work period began in January 2004, when she became entitled to disability insurance benefits. She should have been allowed nine months of "service" without jeopardizing her entitlement to benefits. The ALJ never mentioned the possibility of a trial work period, however, and instead concluded that Tumminaro's entitlement to benefits ended in February 2008 when she returned to work.

But as of February 2008 Tumminaro's trial period could not have ended. Work qualifies as "service" under a trial period based on a claimant's monthly earnings. 20 C.F.R. § 404.1594(b)(1)(ii). In 2005 through 2007, a claimant had to earn monthly wages of at least $590, $620, and $640 before work could constitute "service" countable against a trial period. 20 C.F.R. § 404.1594(b)(1)(ii)(B). Tumminaro did not provide a monthly breakdown of her earnings for that time period, but we can readily see from her annual earnings that she did not complete nine months of service during that time. Tumminaro earned $2,765 in 2005, $1,687 in 2006, and $622 in 2007. She may have earned more than the qualifying wage during her four-month return to work in 2005, but her annual income in 2006 supports, at most, two months of service, and her income in 2007 cannot count as even one month. In February 2008, therefore, Tumminaro could have completed a maximum of six months of service, so her trial period had not ended. Thus, the ALJ improperly considered her return to work as evidence that her disability had ended. *See* 20 C.F.R. § 404.1592(a); *Lingenfelter*, 504 F.3d at 1039; *Newton*, 92 F.3d at 692-93.

It is impossible to discern from the record exactly when Tumminaro completed her ninth month of service. She testified at the hearing in October 2008 that she had been working continuously in the eight months since February. It is thus possible that Tumminaro had exhausted her trial period at some point before the hearing, but without seeing her monthly wages for 2008 that conclusion cannot be fairly drawn. And if Tumminaro continued to work after her trial period ended (and thus she could be said to have resumed substantial gainful activity), she still would be entitled to benefits for the three months following her return to work. 20 C.F.R. § 404.1592a(a)(2)(i). More information and analysis was necessary before the ALJ could properly decide if—and when—Tumminaro's ability to work rendered her no longer disabled, so a remand is necessary.

The Commissioner asserts that even if Tumminaro's trial work period had not ended, a remand is unnecessary because substantial evidence supports the ALJ's conclusion that she had experienced medical improvement by February 2008 and thus was no longer disabled. An ALJ may rely on medical or other evidence during a trial period to conclude that a disability ended. 20 C.F.R. § 404.1592(e)(3). But the ALJ in this case inferred medical improvement solely from Tumminaro's return to work, not her medical records. The ALJ provided no analysis of the medical evidence after February 2008 and simply remarked that Tumminaro "testified to, and her medical records show, improvement." Tumminaro testified, however, that her back pain had *not* improved since

2004 and that her return to work had aggravated her condition. The ALJ's conclusory statement to the contrary does not support a finding of medical improvement. *See Delph v. Astrue*, 538 F.3d 940, 945-46 (8th Cir. 2008); *Dixon v. Barnhart*, 324 F.3d 997, 1001-02 (8th Cir. 2003).

On remand the ALJ must address Tumminaro's entitlement to a trial work period. The ALJ should determine, based on Tumminaro's monthly wages, whether—and when—she exhausted all nine months of her trial work period. If she completed the trial period, the ALJ must assess whether she is capable of substantial gainful activity before terminating her benefits. If Tumminaro regained that ability, she still is entitled to benefits for three months after the end of her trial period. In the alternative, the ALJ may terminate Tumminaro's benefits if he concludes, relying on evidence other than Tumminaro's work during her trial period, that she experienced medical improvement.

We VACATE the judgment of the district court and REMAND with instructions that the case be returned to the Social Security Administration for additional proceedings consistent with this opinion.