NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 9, 2013
Decided October 30, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1125

| | |
|---|---|
| DELORES D. AMMONS-LEWIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 6920 |
| METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, *Defendant-Appellee.* | Gary S. Feinerman, *Judge*. |

**O R D E R**

Delores Ammons-Lewis appeals the dismissal of her employment-discrimination lawsuit for failure to prosecute. *See* FED. R. CIV. P. 41(b). After four months of missed discovery deadlines and two warnings of possible dismissal, the magistrate judge in charge of discovery recommended that the district court dismiss the suit because Ammons-Lewis still had not responded adequately to the defendant's interrogatories.

Ammons-Lewis did not timely object to the magistrate judge's report and recommendation, which the district court adopted. We affirm the dismissal.

Ammons-Lewis, an African American, sued her employer, the Metropolitan Water Reclamation District of Greater Chicago, claiming discrimination based on sex and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, and 42 U.S.C. § 1983. She also claimed that the Reclamation District had violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, by refusing to provide a reasonable accommodation for her unspecified disability; violated the Family and Medical Leave Act, 29 U.S.C. §§ 2601–54, by denying her leave to take care of her sick daughter; and retaliated for filing charges with the Equal Employment Opportunity Commission by lowering her job rating. She attached the charges of discrimination she filed with the EEOC in 2008, 2009, and 2010.

On the Reclamation District's motion, the district court dismissed the ADA claim because it is not mentioned in an EEOC charge. The court then concluded that each adverse action alleged by Ammons-Lewis is a discrete event and therefore dismissed her Title VII, § 1983, and FMLA claims to the extent those actions fall outside the statutes of limitations. The court set a discovery deadline of August 31, 2012, and referred the case to a magistrate judge for discovery supervision.

Discovery commenced, and on May 24, 2012, the Reclamation District sent Ammons-Lewis eight interrogatories. Five of them asked her to "[i]dentify each event, incident, or other occurrence, underlining each one separately, that forms the basis" of her sex discrimination, race discrimination, retaliation, FMLA, and § 1983 claims. The Reclamation District requested details for each incident, including the date, location, method of communication, people involved, description of the discriminatory act, how it altered her conditions of employment, and how the Reclamation District treated similarly situated employees more favorably. The Reclamation District also requested the production of assorted documents related to the allegedly discriminatory actions. The 30-day deadline passed without a response. *See* FED. R. CIV. P. 33(b)(2), 34(b)(2)(A).

At a status hearing on July 20, 2012, counsel for Ammons-Lewis acknowledged that he had not provided responses but said he would be able to deliver them within three days. He did not. And instead of appearing at an August hearing to address the Reclamation District's motion to compel, he left a message saying that he did not oppose the motion. The magistrate judge, noting that counsel had "made promises to

the Court back on July 20th" that he would respond within three days, granted the motion, awarded costs to the Reclamation District, and set a deadline of August 8.

On the deadline, counsel for Ammons-Lewis asked the magistrate judge to extend the deadline and reconsider the decision to award costs. The court decided that costs were unwarranted because in-house counsel was representing the Reclamation District; the court then reluctantly granted a short extension but reminded the parties that the cutoff for discovery was at the end of the month. Before the new deadline passed, Ammons-Lewis tendered to the Reclamation District an unsigned 70-page narrative instead of a properly formatted response to the defendant's interrogatories. The Reclamation District filed a second motion to compel, and the magistrate judge set a new deadline of August 29. At a status hearing the magistrate judge warned, "I'm on the verge of recommending" to the district judge "that he dismiss this case for want of prosecution and for discovery violations" and admonished Ammons-Lewis's lawyer to tell her "that she's in very grave danger of having this case dismissed."

On the new deadline, Ammons-Lewis tendered another narrative, this one signed and 100 pages. The magistrate judge again admonished Ammons-Lewis and her lawyer that he still was contemplating recommending dismissal for want of prosecution because of their "foot dragging," but he allowed two additional weeks to format the narrative into proper answers to the interrogatories. At the end of those two weeks, however, the narrative remained largely unchanged; Ammons-Lewis, addressing the court personally, explained that she had experienced difficulty drafting answers because the interrogatories "actually asks for I'd say a thousand things" and she was relying on redacted documents. Her lawyer did not say why Ammons-Lewis was drafting the answers instead of him. The magistrate judge, noting that the Reclamation District had been unable to investigate the merits of the lawsuit without knowing what events formed the basis of Ammons-Lewis's claims, decided to read the narrative himself and recommend dismissal if it was "woefully inadequate."

As the magistrate judge explains in his report and recommendation, the narrative is disorganized and rambling, and although many of the paragraphs are numbered, the numbers do not correspond to discrete incidents of alleged discrimination. Despite its length, the narrative provides few responsive details. For example, Ammons-Lewis asserts that the alleged retaliation began after a 2007 complaint, but she simply lists categories of retaliation and includes events before 2007, such as "unfair and unjust investigations; 2001, 2002, 2007, 2010, 2011, 2012." Her narrative lists many irrelevant

details, such as a chronology of her applications for disability benefits beginning in 1997. And she does not even attempt to identify the basis of her § 1983 claim.

The magistrate judge concluded that the narrative left the Reclamation District without the information needed to prepare a defense and recommended dismissal for want of prosecution, *see* FED. R. CIV. P. 41(b). The magistrate judge's report explicitly warned that if written objections were not filed within 14 days, they would be waived. FED. R. CIV. P. 72(b)(2); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Ammons-Lewis did not file any objections, leading the district court to adopt the recommendation. Counsel for Ammons-Lewis asked a week after the deadline for leave to file late objections, *see* FED. R. CIV. P. 6(b)(1)(B); he blamed his tardiness on a heavy caseload and computer problems. As part of her proposed objections, Ammons-Lewis argued that the delays and lengthy responses were justified by the complexity of the Reclamation District's requests. She also filed a motion to reconsider, contending that the delays did not justify dismissal.

The district court denied both motions, concluding that Ammons-Lewis's lawyer had not shown good cause or excusable neglect for the late objections because he had filed motions in other cases and could have filed a request for an extension *before* the deadline. And given the untimely objections, the court reasoned, its adoption of the magistrate judge's recommendation had not been error.

On appeal Ammons-Lewis contends that dismissal for want of prosecution was an abuse of discretion because the district court did not accept and consider her week-late objections to the magistrate judge's report. But the district court properly noted that a lawyer's busy caseload does not excuse late submissions. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable."). In reviewing the district court's decision for abuse of discretion, we consider whether counsel had missed earlier deadlines or made other last-minute requests for extensions of time, *see Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593–94 (7th Cir. 2012); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006), and here Ammons-Lewis's repeated delays provided ample reason for the district judge to refuse to consider the late objections, *see Spears v. City of Indianapolis*, 74 F.3d 153, 157–58 (7th Cir. 1996) (explaining that, because of earlier delays, court did not abuse discretion in denying one-day extension after lawyer's computer allegedly broke down).

By not filing timely objections, litigants typically waive their right to challenge on appeal the issues decided in a magistrate judge's recommendation. *See Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 n.7 (7th Cir. 2009). The rule is not jurisdictional, however, so we may decline to apply waiver in the interest of justice. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Nolen*, 380 F.3d 279, 284–85 (7th Cir. 2004); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 540 (7th Cir. 1986). But we see no reason to excuse Ammons-Lewis's waiver. The magistrate judge concluded that dismissal was warranted because warnings of sanctions, including dismissal for want of prosecution, had been ineffective in producing timely compliance. The district court adopted this reasoning; that decision is presumed reasonable, *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005), and we have upheld dismissals in cases with similar discovery violations, *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 664–66 (7th Cir. 2006) (explaining that pro se plaintiff's disregard for discovery deadlines and refusal to schedule deposition justified dismissal); *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 905–06 (7th Cir. 2003) (upholding dismissal where plaintiff missed court-ordered deadlines and delivered "incomplete and defective" responses four months late). By failing to timely object to the magistrate judge's report and recommendation, Ammons-Lewis has waived appellate review. *See Lorentzen*, 64 F.3d at 330.

AFFIRMED.